IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY CAMPANELLA MOSLEY                                                                                           PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:22-cv-648-DPJ-FKB

WARDEN STEVEN REISER,
CAMP ADMINISTRATOR K. LEMOS,
and CASE MANAGER B. WEBBS                                                                                DEFENDANTS

**REPORT AND RECOMMENDATION**

This case is before the Court on the Motion to Dismiss [19] filed by Defendants K. Lemos and B. Webbs.[1] Plaintiff Roy Campanella Mosley has filed his Response [21], and Defendants Lemos and Webbs have filed a Reply [22]. Mosley's Response includes two additional claims and to the extent he is requesting to add them, his request is construed as a Motion to Amend, and the undersigned recommends that the motion be denied. Having considered the Defendants' motion to dismiss, Mosley's response, and Defendants' reply, the undersigned recommends that the motion be granted and this case be dismissed with prejudice.

At the time of his filing of the complaint, Mosley was a convicted inmate in the custody of the Federal Bureau of Prisons (BOP). Lemos and Webbs are prison officials at Federal Correctional Complex in Yazoo City, Mississippi, where Mosley was formerly housed. On September 12, 2019, Mosley was released to home confinement under the "First Step Act Elderly Offenders pilot program." [1] at 4. Mosley alleges in his complaint that the BOP revoked his home confinement on March 2, 2020, "without adhering to any of the disciplinary

---

[1] Defendant Warden Steven Reiser was not served with a copy of the complaint and has not made an appearance.

rules" or the policy and procedures of the BOP. *Id*. He claims that the revocation of his home confinement violated his due process rights and occurred under the supervision of Defendants. *Id*. at 5.

A threshold issue is the nature of Mosley's claim. Mosley has in various filings referred to his claim as one under 42 U.S.C. § 1983. However, to maintain a civil action under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other law of the United States. *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted)). Here, Mosley's claims are against federal actors, not state actors. For this reason, the undersigned has construed this as a *Bivens* action. *See Hernandez v. Thaler*, 630 F.3d 420, 427 n. 27 (5th Cir. 2011) (noting that a court must consider the "substance of the relief, not a label" to determine the "true nature" of a pleading).

In their motion and reply, Lemos and Webbs argue that Mosley has failed to exhaust his administrative remedies and that his claims "present a new context under *Bivens* and should be rejected." [22] at 1. The undersigned finds the latter argument dispositive.

In *Bivens*, the Supreme Court recognized an implied cause of action for damages against federal officers in their individual capacities for violations of constitutional rights involving a Fourth Amendment claim for unreasonable search and seizure. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. at 397. Since then, the Supreme Court has recognized two other implied causes of actions under the *Bivens* doctrine: a Fifth Amendment equal protection claim for employment discrimination by a federal official, *Davis v. Passman*, 442 U.S. 228 (1979), and an Eighth Amendment claim by a federal prisoner for inadequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980). However, "[a] *Bivens* remedy is not available for all

2

constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017). The Supreme Court has more recently expressed doubt about its authority to imply causes of action where Congress has not expressly legislated them, describing the expansion of the *Bivens* remedy as "a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). The *Ziglar* decision set out a two-part analysis for determining whether a claim should be implied under *Bivens*. First, the court determines whether the case under consideration involves a "new context," that is, whether it is "different in a meaningful way" from the three previous *Bivens* actions approved by the Supreme Court. *Id*. at 139. If not, then the case may proceed under *Bivens*. If, however, the answer is in the affirmative, the court must go on to determine whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 136 (quoting *Carlson*, 446 U.S. at 18).

Deciding whether Mosley's claim involves a "new context," requires a determination of "whether [the case] falls squarely into one of the established *Bivens* categories, or [whether] it is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Byrd v. Lamb*, 990 F.3d 879, 882 (5th Cir. 2021) (internal citations omitted). Here, Mosley's claim that his home confinement was revoked in violation of his constitutional rights does not "fall[] squarely into one of the established *Bivens* categories" and is clearly a new context for purposes of *Bivens*. Because Mosley's claim arises as a new context, the next step is to determine whether "there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar*, 582 U.S. at 136). When "there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. at 493

3

(internal quotation marks and citation omitted). "[T]he alternative relief necessary to limit *Bivens* need not provide the exact same kind of relief *Bivens* would." *Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020). Here, the existence of the BOP's administrative remedy program counsels against the extension of *Bivens*. *See Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. Oct. 4, 2021) (recognizing that an alternative method of relief for a *Bivens* action is the BOP's administrative remedy program). Because Mosley's claims involve a new *Bivens* context, and because the special factor counsels against the extension of *Bivens*, Mosley does not have viable claim under *Bivens* against the named defendants. Accordingly, the undersigned recommends that Defendants Motion to Dismiss be granted.

Mosley's Response includes allegations that during his "wrongful imprisonment" he "sustained a major right shoulder injury by falling off the top bunk" in April 2022, and that during the COVID-19 quarantine he received "little to no medical att[e]ntion" for his "symptoms, medical testing, or access to proper PPE." [21] at 13. To the extent Mosley is requesting to add new claims, his request is construed as a motion to amend. *See King v. Life Sch.*, 809 F. Supp. 2d 572, 581 (N.D. Tex. Aug. 9, 2011) (citations omitted) ("When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under [Rule] 15(a)."). However, here, the motion to amend should be denied because Mosley's new allegations do not arise out of the same "conduct, transaction, or occurrence set out" in his original complaint. *See* Fed. R. Civ. P. 15(c)(1)(B).

For these reasons, the undersigned recommends that Defendants' Motion to Dismiss [19] be granted, and to the extent Mosley is requesting to add claims, that his motion to amend be denied. The undersigned further recommends that this civil action be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 31st day of January, 2024.

                                              /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).