UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROY CAMPANELLA MOSLEY                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:22-CV-648-DPJ-ASH

WARDEN STEVEN REISER,
CAMP ADMINISTRATOR K. LEMOS,
AND CASE MANAGER B. WEBBS                                               DEFENDANTS

ORDER

Plaintiff Roy Campanella Mosley, a former Bureau of Prisons inmate, claims Defendants violated his due-process rights when they revoked his home confinement on March 2, 2020. Compl. [1] at 4–5.  Defendants, who are BOP employees, moved to dismiss, claiming Plaintiff failed to exhaust his administrative remedies and that his claims present a new context under *Bivens*.  Mem. [20] at 1 (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).  On February 1, 2024, United States Magistrate Judge F. Keith Ball entered a Report and Recommendation [30], recommending that the Court grant the motion to dismiss based on the *Bivens* argument.

Judge Ball carefully explained the Supreme Court's "two-part analysis for determining whether a claim should be implied under *Bivens*."  R&R [30] at 3 (citing *Ziglar v. Abbasi*, 582 U.S. 120 (2017)).  First, the Court asks "whether the case presents 'a new *Bivens* context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action."  *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Ziglar*, 582 U.S. at 139) (alteration in *Egbert*).  "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Id.* (quoting *Ziglar*,

582 U.S. at 136). Judge Ball found Moseley's claims involve a new *Bivens* context, and because special factors counsel against extending *Bivens*, Moseley has no viable claim. R&R [30] at 4.

Mosley filed an Objection [34], arguing that his case is distinguishable from *Ziglar* because he is a U.S. citizen and Ziglar was not. Obj. [34] at 1. This argument is not persuasive. Judge Ball properly citied *Ziglar* as the foundation of the two-part test which is routinely applied by courts when considering a *Bivens* claim. *See Egbert*, 596 U.S. 492. Mosley's citizenship impacts neither the applicable test nor its application to his claim.

In short, the Court agrees with Judge Ball's conclusion. Mosley's challenge to his revocation of home confinement presents a new context, and special factors counsel against extending *Bivens*. *See Hernandez v. Causey*, No. 2:17-CV-123-TBM-MTP, 2022 WL 4594023, at *12 (S.D. Miss. Sept. 29, 2022) (noting, post-*Egbert*, "*Bivens* claims are even more narrow and limited"). Dismissal is appropriate.

The Court finds the Report and Recommendation [30] of United States Magistrate Judge F. Keith Ball should be adopted as the opinion of the Court. Defendants' motion to dismiss [19] is granted.

This action is dismissed with prejudice. A separate judgment will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of March, 2024.

                                                                  s/ *Daniel P. Jordan III*
                                                                   CHIEF UNITED STATES DISTRICT JUDGE